**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CEDRIC WILLIAMS,

                Plaintiff,

       v.                                                       No. 8:15-CV-1534 (CFH)

COCA COLA CO.,

                Defendant.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                             **OF COUNSEL:**

Cedric Williams
10-B-3467
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118
Plaintiff pro se

Goldberg, Segalla Law Firm               MICHAEL D. SHALHOUB, ESQ.
11 Martine Avenue, Ste. 750                JONATHAN M. BERNSTEIN, ESQ.
White Plains, New York 10606-1934        MATTHEW S. LERNER, ESQ.
Attorneys for defendant

**MEMORANDUM-DECISION & ORDER**

**I. INTRODUCTION**

On December 28, 2015, plaintiff pro se Cedric Williams commenced this action against defendant Coca Cola Co. ("Coca Cola") pursuant to 28 U.S.C.§1332(a), alleging various state law claims arising from injuries he alleges he sustained as a result of drinking diet Coca- Cola. Dkt. No. 1 ("Compl."). Presently before the Court is defendant's Motion for

Summary Judgment. Dkt. No. 74. Plaintiff filed a response to in opposition. Dkt. No. 74. Defendant filed a reply. Dkt. No . 85. For the following reasons defendant's motion for summary judgment is granted.[1]

## II.  BACKGROUND

The facts are viewed in the light most favorable to plaintiff, as the nonmoving party. Plaintiff has been confined with the New York State Department of Corrections and Community Supervision ("DOCCS") since November 16, 2010. Compl. at 2. At all times herein relevant, he was housed at the Clinton Correctional Facility ("Clinton C.F."). Id. In April 2015, Williams received "multiple cans" of diet Coca Cola. Id. After consuming an unspecified amount of diet Coca Cola, plaintiff experienced migraine headaches and "periodic moments of impaired vision." Id. Plaintiff contends that the aspartame contained in diet Coca Cola he consumed was caused his health problems. See Compl at 2-3. Further, as a result of drinking diet Coca Cola, he " suffered personal injuries, migraines, vision problems, anxiety caused by his fear of developing cancer, emotional distress, and consequently, insomnia". Id. at 3. Plaintiff contends that "it's believed plaintiff's emotional injuries are permanent." Id.  Plaintiff's complaint contains claims against defendant for negligence, gross negligence, negligent infliction of emotional distress, fraud, and negligent misrepresentation. Id. at 3-7. Plaintiff demands $2,000,000 "for punitive damages"; $3,000,000 "for future emotional suffering as a result of continuous fear of developing cancer"; for a Court order directing defendant "to identify and label all decomposition

---

[1] Parties have consented to have a magistrate judge have jurisdiction over this matter. Dkt. Nos. 42, 43.

products of food additive (APM), along with amounts, on all of its diet Coca-Cola soft drink labels and/or discontinue use of (APM) unless defendant meets its burdens under Section 09 of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. 348 to demonstrate that (APM) is safe and functional for use in its diet soft drinks"; a Court order directing defendant "to make an immediate public declaration regarding the inherent health risks posed by (APM) decomposition products contained in its diet Coca-Cola soft drinks on all social media platforms . . . as well as major news networks CNN, CNBC and HLN." Id. at 7. Plaintiff also demands costs. Id.

On March 28, 2016, defendant filed a Motion to Dismiss the Complaint, to which plaintiff opposed. Dkt. No. 16; Dkt. No. 20. By Decision and Order filed March 31, 2017, the Court granted defendant's motion to dismiss the claims for fraud, negligent misrepresentation, and negligent infliction of emotional harm. Dkt. No. 29 at 11. The Court denied defendant's motion as to plaintiff's claims for negligence, gross negligence, and his demands of injunctive relief and punitive damages. Id. Plaintiff was granted leave to amend his Complaint. Id. Plaintiff did not file an amended complaint.

On May 5, 2017, defendant served an answer to the complaint. Dkt. No. 30. Defendant served an amended answer on May 15, 2017. Dkt. No. 36. On June 2, 2017, the Court conducted a Rule 16 conference. Dkt. Entry dated June 2, 2017. The Court issued a Uniform Pretrial Scheduling Order which provides, among other things, that all discovery be completed by December 29, 2017. Dkt. No 41 at 1. The Order further directs that ninety days prior to the close of discovery, plaintiff shall identify any experts that may testify at trial and serve any experts written report on defendant pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(a)(2)(B). Id. at 2.

During the course of June 2, 2017 conference, the Court had a lengthy conversation with plaintiff regarding his need to retain an expert or experts, as well as his responsibility to provide expert disclosure. Text Min. Entry dated June 2, 2017; Dkt. No. 91. The Court advised plaintiff that in order to proceed to trial, plaintiff must retain an expert who is qualified to testify in support of his claim that aspartame causes migraine headaches and may cause cancer. Dkt. No. 91 at 15-16. The Court told Plaintiff that ". . . it is your burden to come forward with an expert who is going to say that aspartame, in fact, can cause cancer and can, in fact, cause migraine headaches." Id. at 16. Plaintiff advised the Court that he understood his obligation to retain such an expert. Id. at 16-17.

At the June 2, 2017 conference, the Court also discussed with Plaintiff his obligation to provide expert disclosure. Dkt. No. 91 at 20-21. Plaintiff was advised that he was required to file expert disclosure ninety days prior to the close of discovery. Id. at 21. As the deadline for the completion of discovery was December 29, 2017, plaintiff was required to file his expert disclosure by September 29, 2017. Plaintiff told the Court he understood his obligation and would meet those requirements. Id.

On November 3, 2017, the Court conducted a conference to address various discovery issues with plaintiff and defense counsel. Dkt. Entry dated Nov. 3, 2017. The Court issued a Text Order which, among other things, extended the deadline for the completion of discovery until March 2, 2018. Dkt. No. 69. The Text Order further provided that the Uniform Pretrial Scheduling Order, Dkt. No. 41, as amended remained in full force and effect. Id. As such, plaintiff's expert disclosure was required to be served on defendant ninety days before the March 2, 2018 discovery deadline. Dkt. No. 41.

On November 13, 2017, defendant filed a motion to compel responses to certain

outstanding discovery demands, Dkt. No. 70.  Plaintiff filed a response. Dkt. No. 71. On January 10, 2018, the Court conducted a conference to address defendant's motion to compel.  Dkt. No. 70.  During the conference, the Court again addressed plaintiff's burden of proof and his obligation to provide expert disclosure. Dkt. No. 84.  Defense counsel advised the Court that plaintiff had failed to serve expert disclosure by December 4, 2017 as required by the Uniform Pretrial Scheduling Order.  Dkt. No. 84 at 12.  The Court advised plaintiff that it was his burden of proof to show that defendant was negligent in the use of aspartame in diet Coca Cola and that he was injured as a result of their use of aspartame. Id. at 13. The Court told plaintiff: "[A]s I indicated to you, you need to produce an expert to give that testimony because that is beyond the knowledge of common people."  Id.  Plaintiff told the Court that he understood his obligation and was in the process retaining an expert, although he had not yet done so.  Id. at 13-14.  The Court reminded plaintiff that his expert disclosure was due in December 2017.   Id.  Plaintiff was further advised that defendant would be making a motion for summary judgment on a number of grounds, one of which was plaintiff's failure to serve expert disclosure. Id.

On January 16, 2018, defendant filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1 of the Northern District of New York.  Dkt. No. 74.  Plaintiff filed a response.  Dkt. No. 77.  On February 16, 2018, defendant filed a reply.  Dkt. No. 88.

On January 31, 2018, plaintiff filed a "Notice of Service of Disclosure Information Fed. R. Civ. P. 26 (a) (1)."  Dkt. No. 78.  In that document, plaintiff identifies Dr. Ralph Walton as an expert witness.  Id. at 2.  Plaintiff indicates that Dr. Walton will offer testimony on the documented health risks of aspartame and  the link between the ingestion of

aspartame and injuries such as those complained of by plaintiff.  Id.  Plaintiff states that ". . . A written report prepared and signed by him was submitted via email and his reference as Exhibit A for completion of disclosure." Id.  A copy of that untimely served expert report has not been provided to the Court.

On March 12, 2018, plaintiff filed a letter inquiring of the status of the Motion for Summary Judgment and asking whether Dr. Walton's expert report was attached to the Court docket.  Dkt. No. 86.  Defendant filed a response indicating that Coca-Cola had received no such expert report and objecting to the Court's consideration of any such report in deciding the Motion for Summary Judgment. Dkt. No. 87. On March 23, 2018, the Court issued a Text Order advising that the Court decides motions in the order in which they are filed and that the Court will only consider those documents which have been timely and properly filed.  Dkt. No. 88.

As of the date of this Memorandum-Decision and Order, the Court has not received an expert report from Dr. Walton or from any expert witness on behalf of plaintiff.  Plaintiff has failed to submit an affidavit from Dr. Walton in opposition to defendant's motion for summary judgment.  As such, the Court has not been able to consider a report authored by Dr. Walton in deciding the pending motion for summary judgment.

### III. LEGAL STANDARD

A motion for summary judgment may be granted if there is no genuine issue as to any material fact, it was supported by affidavits or other suitable evidence, and the moving party is entitled to judgment as a matter of law.  See FED. R. CIV. P. 56.  The moving party has the burden to show the absence of disputed material facts by providing the court with portions

of pleadings, depositions, and affidavits which support the motion. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A 'genuine' dispute over a material fact only arises if the evidence would allow a reasonable jury to return a verdict for the nonmoving party." Dister v. Cont'l Grp., Inc., 859 F.2d 1108, 1114 (2d Cir. 1988) (citation omitted). All ambiguities are resolved and all reasonable inferences drawn in favor of the non-moving party. See Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997). However, "inferences must be supported by affirmative facts and must be based on relevant, admissible evidence." Gen. Accident Ins. Co. of Am. v. Merritt-Meridian Constr. Corp., 975 F.Supp. 511, 515 (S.D.N.Y.1997) (citing FED. R. CIV. P. 56(e)). When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of the . . . pleading, but the adverse party's response, by affidavits or as otherwise provided in [Federal Rule of Civil Procedure 56(e)], must set forth specific facts showing that there is a genuine issue for trial." St. Pierre v. Dyer, 208 F.3d 394, 404 (2d Cir. 2000). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" Rexford Holdings, Inc. v. Biderman, 21 F.3d 522, 525 (2d Cir. 1994) (citation omitted ).

      The party opposing the motion must set forth facts showing that there is a genuine issue for trial, and must do more than show that there is some doubt or speculation as to the true nature of the facts. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). For a court to grant a motion for summary judgment, it must be apparent that no rational finder of fact could find in favor of the non-moving party. See

Gallo v. Prudential Residential Services, Ltd. P'ship, 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled "special solicitude,". . . that a pro se litigants submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest,". . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not"consistent" with the pro se litigants allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants,". . . and that pro se status "does not exempt the party from compliance with the relevant rules of procedural and substantive law. . . ."

Id. (citations and footnotes omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F. 3d 185, 191-92 (2d Cir. 2008).

## IV. LEGAL ANALYSIS

Plaintiff has claims for negligence and gross negligence and demands for injunctive relief and punitive damages. Dkt. No. 29 at 11. In order to prevail on the negligence and gross negligence claims, plaintiff must present sufficient evidence to support a finding that defendant's product, diet Coca-Cola, caused plaintiff's injuries. See Smolowitz v. Sherwin-Williams Co., No. 02-CV-5940, 2008 WL4862981, at *4 (E.D.N.Y. Nov. 10, 2008).[2] To establish a prima facie case of negligence under New York law, the plaintiff must show that

---

[2] All unpublished decisions cited within this Memorandum-Decision & Order, unless otherwise indicated, have been provided by the Court to plaintiff pro se.

the defendant breached a duty owed to plaintiff, and that plaintiff was injured as a result of that breach. Nussbaum v. Metro-North Commuter R.R., 994 F. Supp. 2d 483,487 (S.D.N.Y. 2014). Proof of causation requires establishing both "general" and "specific" causation. See Amorgianos v. National R.R. Passenger Corp., 303 F. 3d 256, 268 (2d. Cir. 2002). General causation focuses on whether the type of injury claimed by the plaintiff may be caused or exacerbated by the defendant's product. See Ruggerio v. Warner- Lambert Co., 424 F.2d 249, 251 (2d Cir. 2005). Specific causation focuses on whether, in a particular case, the plaintiff's injury was actually caused or exacerbated by the defendant's product. Id. "[P]roof of general causation is a necessary predicate for that of specific causation – if there is no evidence that a product is capable of causing the kind of harm claimed, then there is no basis to accept evidence that the product in fact did so in a specific case." In re Rezulin Prod. Liab. Ltg.,441 F. Supp. 2d 567,575 (S.D.N.Y. 2006) (citing Ruggerio, 424 F.3d at 252 n.1)). Plaintiff must establish both general and specific causation through expert testimony. See Willis v. Amerada Hess Corp., 379 F. 3d 32, 46 (2d Cir. 2004) ("Where . . . the nexus between the injury and the alleged cause would not be obvious to the lay juror, '[e]xpert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury.'") (quoting Moody v. Maine Cent. R.R. Co., 823 F.2d 693, 695 (1st Cir. 1987)). In cases where the plaintiff alleges "complex medical issues, in order for the plaintiff to prove that her alleged injuries were caused by defendants' products, she must introduce expert medical testimony establishing causation." Saari v. Merck & Co, Inc., 961 F. Supp. 387, 392 (N.D.N.Y. 1997) (citing Fane v. Zimmer, 927 F.3d 124, 131 (2d Cir. 1991) (additional citations omitted)).

Here, plaintiff has failed to offer any expert opinion to support his claim that

defendant's use of aspartame in diet Coca-Cola amounts to negligent conduct. Plaintiff has also failed to offer any expert opinion to support his general and specific causation allegations. Plaintiff has failed to produce any evidence that the aspartame in diet Coca-Cola may cause or exacerbate any of the injuries claimed by plaintiff. There is no evidence before the Court to establish the plaintiff's alleged injuries were caused or exacerbated by defendant's product. The only expert proof before the Court is provided by defendant's experts, Dr. Peter Spencer, Dkt. No. 74-5, and Dr. Richard Adamson, Dkt. No. 74-4, who opine that there is no scientifically-reliable evidence which supports plaintiff's claim that the aspartame in diet Coca-Cola caused any of plaintiff's alleged injuries. Given plaintiff's failure to offer any expert proof on the issue of general and/or specific causation, defendant's motion for summary judgment is granted and plaintiff's complaint is dismissed with prejudice.

### V. CONCLUSION

Accordingly, for the reasons stated herein, is hereby:

**ORDERED**, that defendants motion for summary judgment, Dkt. No. 74, is **GRANTED**, and plaintiff's complaint is dismissed with prejudice, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: June 21, 2018
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge